UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO REDD,

                              Plaintiff,

              -against-

MEDTRONIC INC.; WESTCHESTER
MEDICAL CENTER,

                              Defendants.

21-CV-6448 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and state law, seeking damages for injuries he sustained as a result of spinal cord surgery. By order dated September 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Medtronic Inc. and Westchester Medical Center through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue summonses as to Defendants Medtronic Inc. and Westchester Medical Center, complete the USM-285 forms with the addresses for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:    September 27, 2021
          White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Medtronic Inc.
        710 Medtronic Parkway
        Minneapolis, MN 55432-5604

2.      Westchester Medical Center
        100 Woods Road
        Valhalla, New York 10595